# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LEIGHTON WILLIAMS, *et al.*,

               Plaintiffs,

v.

FIAT CHRYSLER AUTOMOBILES (n/k/a FCA US LLC),

               Defendant.

_____ /

Case No. 2:25-cv-13237

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT (ECF NO. 16)

Plaintiffs Leighton Williams, Mark Abiad, Doreen Biasi, Ashley Biasi, Walter Misterka, Jr., Anthony Crisp, Jason Moore, David Self, Matthew Beaghley, Yolanda Barrera, Andre Lachapelle, David Lemmer II, and Shaun Mcgee brought a class action, individually and behalf of all others similarly situated (collectively, "Plaintiffs") against Defendant, Fiat Chrysler Automobiles ("FCA" or "Defendant") based on allegations of overpayment of vehicle warranties. *See generally* ECF Nos 1, 14.[1] According to Plaintiffs, Defendant failed to extend their

---

[1] Plaintiffs filed their original Complaint on October 14, 2025 (ECF No. 1). In response Defendant filed a Motion to Compel Arbitration and to Dismiss (ECF No. 13). In lieu of responding to the original motion to compel arbitration and dismiss, Plaintiffs amended their complaint as a matter of right and filed the Amended Complaint (ECF No. 14).

warranties, in violation of the federal Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.) and various warranty laws, lemon laws, and consumer-protection laws in California, Connecticut, Massachusetts, Michigan, New York, New Jersey, and Rhode Island. In addition, Plaintiff brought claims for fraud by omission, restitution based on quasi-contract/unjust enrichment, and unjust enrichment.  In response, FCA filed a Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 16).  The parties have fully briefed the Motion, *see* ECF No. 16-18, and the Court held a hearing on the Motion on June 24, 2026 ("Motion Hearing").  For the reasons set forth below, the Motion is **GRANTED IN PART** and Plaintiff's Amended Complaint (ECF No. 14) is **DISMISSED WITH PREJUDICE**.

## I.

Plaintiffs are residents of California, Connecticut, Massachusetts, Michigan, New York, New Jersey, and Rhode Island seeking monetary damages, injunctive remedies, and other relief for Defendant's alleged "overcharging of its consumers for warranties, denying warranty extensions, and denying warranty coverage that Plaintiffs are entitled to receive."  ECF No. 14, PageID.464.  Specifically, each of these seven states require that FCA extend certain warranties for any period that a

vehicle is undergoing warranty-covered repairs.[2] Defendant allegedly failed to do so, however, thereby depriving Plaintiffs of warranty extensions they were entitled to and overpaying for such coverage. *Id.* Plaintiffs claim that FCA's statutory failures were intentional and systematic. *Id.* at PageID.463-468. For example, Doreen Biasi and Ashley Biasi (collectively, the "Biasis") are New York residents who co-purchased a used 2018 Dodge Ram 1500 ST on April 6, 2022. *Id.* at PageID.465-466. Since purchasing their vehicle, it underwent warranty repairs for a total of 105 cumulative days yet none of their appropriate FCA-issued warranties were extended to account for those days. *Id.* at PageID.465-466.

Following the expiration of the Biasis' Powertrain Limited Warranty, their vehicle's exhaust manifolds required repair. *Id.* at PageID.485. As alleged in the Amended Complaint, "if [the Biasis'] warranties had been extended by 105 days as required by law, this subsequent repair would have been covered by their warranties." *Id.* And, "[i]f FCA had fully informed the Biasis that FCA would not extend warranties as required by law, the Biasis would have paid a lower purchase price, or purchased vehicles other than those sold by FCA." *Id.*

---

[2] The state statutes include "the Song Beverly Consumer Warranty Act (California Civil Code §§ 1795.4–1795.6), Connecticut General Statutes § 42-223, the Massachusetts Used Car Lemon Law (Massachusetts General Laws Ch. 90 § 7N 1/4), Michigan Compiled Laws § 440.2313b, the New York Used Car Lemon Law (New York General Business § 198-b), the New Jersey Used Car Lemon Law (New Jersey General Statute 56:8-67 to 56:8-80), and Rhode Island General Laws § 31-5.4-3." ECF No. 14, PageID.463.

In FCA's view, Plaintiffs never sought warranty repairs during the supposedly-required extension period.  ECF No. 16, PageID.574.  In particular, (1) the Amended Complaint does not allege that any of the proposed class members, apart from the Biasis, experienced any post-warranty issues with their vehicles, and (2) Plaintiffs do not allege that the Biasis "ever returned to a dealership, asked for a repair, or that such a request was ever refused."  *Id.*  As set forth in its Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 16), Defendant asserts that considering the foregoing, Plaintiffs have not adequately alleged any injury sufficient to establish Article III standing.  *Id.* at PageID.583-584; *see also* ECF No. 18, PageID.1093-1094.  Separate and apart from the issue of standing, Defendant also moves to dismiss Plaintiffs' claims on the merits or, in the alternative, to compel arbitration pursuant to valid arbitration agreements with Plaintiffs.  *See generally* ECF No. 16.

## II.

A plaintiff must have "standing" to sue "to bring a case or controversy within the meaning of Article III."  *Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284, 292-293 (6th Cir. 2023).  Before ever reaching the merits, the Court will address the issue of standing because it "goes to a court's subject-matter jurisdiction."  *Id.*  And, a "Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction."  *Gen. Ret. Sys.*, 822 F. Supp. 2d at 693 (quoting *Moir v. Greater Cleveland Regional*

*Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990)).  To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992)).  Each element of the three-part inquiry is "particularized," so the court will "carefully examine a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted against a particular defendant."  *In re E. I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 87 F.4th 315, 319 (6th Cir. 2023).

Upon such careful examination, the Court finds that Plaintiffs have failed to adequately allege facts sufficient to establish standing because, as Defendant correctly asserts, there is no injury.  "An actual or imminent injury is not speculative—in other words, the injury must have already occurred or be likely to occur soon.  An injury in fact includes a physical injury, a monetary injury, an injury to one's property, or an injury to one's constitutional rights."  *Mackinac Ctr. for Pub. Pol'y v. United States Dep't of Educ.*, 175 F.4th 692, 700-701 (6th Cir. 2026)).

### III.

The crux of Plaintiff's injury argument to establish standing is that "FCA's failure to extend warranties impacted the value of FCA's warranties and the prices

Plaintiffs paid for them." ECF No. 17, PageID.937. Although Plaintiffs conveniently focus solely on the fact that monetary loss can constitute an injury-in-fact, they seem to ignore that such loss must have already materialized or be imminent. The extent to which Plaintiffs argue the former is that they "overpaid for their warranties, lost coverage days, lost the benefit of their bargain, and improperly bore repair risks that FCA was obligated to shoulder." *Id.* at PageID.937. The Court is unpersuaded.

As Defendant aptly asserts, Plaintiffs' position is weakened by at least two significant issues: (1) first, no Plaintiffs, with the exception of the Biasis, have "allege[d] their vehicles exhibited any problem – or required any repair – within the period they say their warranties should have been extended[,]" and (2) even where the Biasis are concerned, the Amended Complaint "plead[s] no facts to even suggest they sought a repair within that period, much less that some requested repair was refused." ECF No. 16, PageID.584. When asked about these potential defects during the Motion Hearing, Plaintiff's explanation was circular, unclear, and failed to identify the specific allegations in the Amended Complaint that support standing. As became clear, this is because no such allegations exist in their Complaint.

For instance, the Court inquired how Plaintiffs are sustaining an overpayment injury, as they allege, when FCA does not proactively notify customers that their warranty has been extended. Plaintiffs' counsel contended that, under California

law, FCA must notify customers of updated warranty dates by invoice after warranty-covered repairs are completed.  Thus, when FCA fails to do so, customers like Plaintiffs are injured.  Meanwhile, the Amended Complaint contains no allegations regarding any such invoices.  The Court is not satisfied that this is enough for standing.

Further, the Court finds Plaintiff's position especially problematic because it raises concerns regarding the Amended Complaint's allegations made on information and belief:

> "[U]pon information and belief, FCA does not have a practice or procedure of calculating the appropriate warranty tolling period (or refused to calculate the appropriate warranty tolling period), extending its customers' warranties, or notifying its customers of such extensions—despite maintaining detailed electronic records that include the necessary information to do so."

ECF No. 14, PageID.478.  This is not an appropriate form of pleading these allegations because Plaintiffs should know whether FCA failed to extend *their* warranty, failed to notify *them*, or appropriately calculate *their* tolling period.  S*ee Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444 (6th Cir. 2014).[3]  Not to mention, the California Plaintiffs represent only one of seven proposed subclasses

---

[3] "[P]leading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader. Because one of the [Plaintiffs] was on the other end of line when he or she spoke with Chase representatives, the [Plaintiffs] must have had personal knowledge of whether Chase said the September 2012 letter pertained to the 2004 mortgage or not. Pleading this allegation on information and belief was improper under these circumstances."

in this action, and Plaintiffs have offered the Court no similar basis for establishing how members of the remaining subclasses were allegedly injured. Such failure, coupled with the deficiencies in Plaintiffs' California invoice argument discussed *infra*, is fatal to their standing arguments.

As to the Biasis, the Amended Complaint fares no better. Plaintiffs allege that on April 6, 2022, the couple co-purchased a used 2018 Dodge Ram 1500 ST. ECF No. 14, PageID.484. From October 28, 2022, to February 9, 2023—105 days to be exact—their vehicle required repairs that were covered by their FCA-issue warranties. *Id.* Thereafter, their vehicle's exhaust manifolds needed to be replaced due to leaks. *Id.* at PageID.484. This is where their injury comes in—or so Plaintiffs claim. Had FCA extended the Biasis' Powertrain Limited Warranty from October 9, 2023 to November 17, 2023 to account for the 105-day period, the warranty would have covered the future exhaust repairs. That is to say, the Biasis would not have had to pay out of pocket for the otherwise covered expenses, or, "had [FCA] fully informed the Biasis that FCA would not extend warranties as required by law, the Biasis would have paid a lower purchase price, or purchased vehicles other than those sold by FCA." *Id.* at PageID.485. But the Court finds this conclusion not so straightforward.

As the Court observed during the Motion Hearing, Plaintiffs' theory of injury shifts depending on the argument: sometimes it is monetary loss; other times it is

an alleged lack of notice.  The Biasis are a case in point.  On the pleadings before the Court, neither argument stands.  First, Plaintiffs do not adequately allege that the Biasis ever sought post-warranty repairs, were turned away, and, as a result, incurred out-of-pocket expenses.  To now suggest that they "*may have*" is speculative—precisely the type of argument that does not establish an injury-in-fact.  *King v. Deskins*, 229 F.3d 1152 (6th Cir. 2000) ("A speculative injury does not vest a plaintiff with standing").  Nor can Plaintiffs base their alleged injury on a lack of notice because, by their own acknowledgment, the relevant New York statutes impose no notice requirement.  And even as to the California Plaintiffs, the Amended Complaint fails to allege that the "invoices where this information is supposed to be stated" were provided to Plaintiffs without the requisite information.

Finally, Plaintiffs cited cases are inapposite.  *See* ECF Nos. 17, 19, 27-28. Their reliance on *Kalcheim v. Apple, Inc*, for example, does not warrant a different conclusion because the Court does not find that this is a warranty-shortening case. No. 2:16–CV–09324–ODW(RAO), 2017 WL 3443208, at *3 (C.D. Cal. Aug. 10, 2017) (emphasis added).  (finding, as to standing, that "[t]he Court disagrees that Plaintiff's failure to attempt to use the warranty protection during the **shorted period** is dispositive of standing.").  There, the plaintiff alleged that he paid for a warranty that Apple did not actually provide.  *Id.*  But here, Plaintiffs ask the Court to assume that FCA did not intend to extend Plaintiffs' warranties at the time of

purchase, and therefore, Plaintiffs overpaid for their vehicle warranties. Assumptions, however, do not confer standing.

Consequently, the Court need not reach the issue of whether it should compel the parties to arbitration, or address the merits of Plaintiffs' claims, because the Amended Complaint is dismissed for lack of standing as Plaintiffs failed to adequately allege an injury-in-fact.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 16) is **GRANTED IN PART** and Plaintiffs' Amended Complaint (ECF No. 14) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*This is a final order that closes the case.*

Dated: July 13, 2026                          s/ Brandy R. McMillion
    Detroit, Michigan                   Hon. Brandy R. McMillion
                                         United States District Judge