**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEIGHTON WILLIAMS, MARK ABIAD, DOREEN BIASI, ASHLEY BIASI, WALTER MISTERKA, JR., ANTHONY CRISP, JASON MOORE, DAVID SELF, MATTHEW BEAGHLEY, YOLANDA BARRERA, ANDRE LACHAPELLE, DAVID LEMMER II, and SHAUN MCGEE, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

FIAT CHRYSLER AUTOMOBILES (n/k/a FCA US LLC),

Defendant.

Case No. 2:25-cv-13237-BRM-DRG

Hon. Brandy R. McMillion

Magistrate Judge David R. Grand

---

**PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Plaintiffs respectfully move, under Federal Rule of Civil Procedure 59(e), for an order altering or amending the Judgment (ECF No. 30) so that the dismissal of Plaintiffs' Amended Complaint is *without* prejudice.

The Court granted Defendant FCA US LLC's Motion to Dismiss the Amended Complaint for lack of Article III standing and expressly declined to reach FCA's other arguments for dismissal on the merits under Federal Rule of Civil Procedure 12(b)(6) or FCA's Motion to Compel Arbitration. A dismissal on Article

III standing grounds is an exercise of the Court's subject-matter jurisdiction. And a dismissal for lack of jurisdiction cannot be entered with prejudice, as a matter of law.

Concurrently with this Motion, Plaintiffs are filing a separate Motion for Leave to File a Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2), which attaches the proposed pleading and demonstrates that the injury-in-fact deficiencies the Court identified are cured. Because leave to amend is available only if the Judgment is first set aside, Plaintiffs respectfully request that the Court alter or amend the Judgment to reflect that the dismissal is without prejudice and resolve this Motion first.

Pursuant to Local Rule 7.1(a), I certify that on August 10, 2026, counsel for Plaintiffs conferred with Tom Azar, counsel for Defendant, by videoconference regarding the relief sought in this Motion. During the conference, Plaintiffs' counsel explained the nature of this Motion and its legal basis but did not obtain concurrence in the relief sought. Plaintiffs' counsel requested concurrence in altering or amending the Judgment (ECF No. 30) to reflect a dismissal without prejudice. Counsel for Defendant stated that Defendant anticipates that it will not oppose amending the Judgment to reflect a dismissal without prejudice, but that Defendant had not completed its review of the governing authorities and was not in a position to state a final position at the time of the conference.

## BRIEF IN SUPPORT

## STATEMENT OF THE ISSUE PRESENTED

Should the Court alter or amend the Judgment to dismiss Plaintiffs' Amended Complaint *without* prejudice, where the Court dismissed the action solely for lack of Article III standing? Plaintiffs' answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. Fed. R. Civ. P. 41(b), 59(e);
2. *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005) (en banc);
3. *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6 (6th Cir. 2018);
4. *Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005);
5. *Pratt v. Ventas, Inc.*, 365 F.3d 514 (6th Cir. 2004);
6. *Thomas v. TOMS King (Ohio), LLC*, 997 F.3d 629 (6th Cir. 2021).

## I. INTRODUCTION

The Court dismissed Plaintiffs' Amended Complaint for lack of Article III standing. It held that standing "goes to a court's subject-matter jurisdiction," and expressly declined to "reach the issue of whether it should compel the parties to arbitration, or address the merits of Plaintiffs' claims." ECF No. 29, PageID.1218, 1224. The Judgment nevertheless dismissed the case with prejudice and closed it. ECF No. 30.

A court that lacks jurisdiction cannot adjudicate the merits, so a jurisdictional dismissal must be without prejudice. Here, the Court's dismissal *with prejudice* under these circumstances is a clear legal error that would result in a manifest injustice correctable under Rule 59(e).

## II. LEGAL STANDARD

Rule 59(e) permits a court to alter or amend a judgment on four grounds: (1) newly discovered evidence, (2) an intervening change in controlling law, (3) a clear error of law, or (4) the need to prevent manifest injustice. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Where, as here, a timely Rule 59(e) motion is filed contemporaneously with a motion for leave to amend, the Rule 59(e) and Rule 15(a) inquiries "turn on the same factors," and the court weighs the liberal amendment policy against the interest in finality. *See Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002).

## III. ARGUMENT

The Court should alter or amend its Judgment to reflect a dismissal without prejudice.

Article III standing is jurisdictional, as the Court recognized. ECF No. 29, PageID.1218. Having found no injury-in-fact sufficient for Article III standing, the Court dismissed for lack of standing alone, and expressly declined to reach the merits or the arbitration issues. *Id.*, PageID.1224. A court without subject-matter

jurisdiction cannot adjudicate the merits, and a dismissal "for lack of jurisdiction" does not "operate[] as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Sixth Circuit has stated the rule directly. Dismissals for lack of jurisdiction "should generally be made without prejudice," and there is a "heavy presumption that a dismissal for lack of jurisdiction will be without prejudice." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (en banc). That presumption applies with full force to a dismissal for lack of standing, because "Article III standing is jurisdictional, and a federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits." *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) (citing *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987)).

*Thompson* is directly on point. There, as here, a district court dismissed putative class actions for lack of Article III standing and—"[w]ithout providing any reasoning as to why it did so"—entered that dismissal with prejudice rather than without. 748 F. App'x at 11. The Sixth Circuit held that was improper. It explained that a dismissal labeled "with prejudice" "signals a final judgment on the merits with preclusive effect," that no "extraordinary circumstances" had been shown to justify "an exception to the general rule that a dismissal for lack of standing is without prejudice," and that authorities addressing Rule 12(b)(6) dismissals were "inapposite because such dismissals are properly entered with prejudice." *Id.* (citing *Pratt*, 365

F.3d at 522). The court therefore "conclude[d] that it was improper for the district court to purport to order a dismissal with prejudice," and remanded "for the district court to enter its order without rather than with prejudice." *Id.* at 11, 8.

The Sixth Circuit applied the same principle on a Rule 59(e) motion in *Intera Corp. v. Henderson*, 428 F.3d 605, 619–21 (6th Cir. 2005). There, the district court dismissed the plaintiffs' action for lack of personal jurisdiction and entered that dismissal with prejudice. The plaintiffs moved to alter or amend the judgment under Rule 59(e), invoking Rule 41(b) and asking the district court to designate the dismissal "without prejudice." The district court denied that motion, reasoning that the plaintiffs had not set forth grounds for the requested relief, had not submitted a supporting memorandum of law, and had not shown any legal error, newly discovered evidence, change in law, or manifest injustice. *Id.* at 619. The Sixth Circuit reversed. Reviewing the denial for abuse of discretion, which occurs when a district court "improperly applies the law or uses an[] erroneous legal standard," the court "h[e]ld that the district court clearly erred when it dismissed Plaintiffs' action … 'with prejudice.'" The court reversed and remanded "for a judgment entry of case dismissal 'without prejudice.'" *Id.* at 620.

In so holding, the Sixth Circuit explained that Rule 41(b) "does not distinguish between subject matter and personal jurisdiction," and that "a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for

preclusive purposes." *Id.* at 620–21 (quoting *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004)). The rationale is straightforward: "if a court does not have jurisdiction over a matter, it cannot properly reach the merits of the case." *Id.* at 621; *Thomas v. TOMS King (Ohio), LLC*, 997 F.3d 629 (6th Cir. 2021).

Courts in this District follow the same rule. In *Estate of Worrell v. Thang, Inc.*, the court granted a motion to dismiss, after concluding that the plaintiff lacked Article III standing, and dismissed those claims *without prejudice* on that basis. No. 22-11009, 2024 WL 269441, at *1, *5 (E.D. Mich. Jan. 24, 2024). Declining to treat the defendant as a prevailing party, the court explained that "the dismissal of the claim against SoundExchange is based on lack of Article III standing and is without prejudice." *Id.* at *5

Plaintiffs are aware of no "extraordinary circumstances" that would take this case outside the general rule, and FCA identified none in its motion. *Cf. Thompson*, 748 F. App'x at 11. Here, as in *Thompson* and *Intera*, the Court's entry of Judgment with prejudice for a dismissal on jurisdictional grounds was a clear error of law, and would result in a manifest injustice. The Court should correct this error under Rule 59(e).

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and alter or amend the Judgment (ECF No. 30) to reflect that Plaintiffs' Amended Complaint is dismissed *without* prejudice.

Dated: August 10, 2026

Respectfully submitted,

SUSMAN GODFREY L.L.P.
*By: /s/ Chanler A. Langham*
CHANLER A. LANGHAM
clangham@susmangodfrey.com
ACE M. FACTOR
afactor@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

STEVEN M. SEIGEL
sseigel@susmangodfrey.com
401 Union Street, Suite 3000
Seattle, Washington 98101

KELVIN GOODE
Kelvin@goode-lawyer.com
KELVIN GOODE PLLC
4435 E. Chandler Blvd., Suite 200
Phoenix, AZ 85048

PAUL F. NOVAK
pnovak@weitzlux.com
WEITZ & LUXENBERG P.C.
3011 W. Grand Boulevard, 24th Floor
Detroit, MI 48202

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Chanler A. Langham*
Chanler A. Langham